UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

AKHEEM SCOTT-MANNA,

    Plaintiff,

    v.          CAUSE NO. 3:23-CV-435-DRL-MGG

JOHN GALIPEAU *et al.*,

    Defendants.

## OPINION AND ORDER

Akheem Scott-Manna, a prisoner without a lawyer, filed a complaint against three defendants. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Scott-Manna alleges that, on September 20, 2022, when he was transferred from Westville Correctional Facility to New Castle Correctional Facility, he was not allowed to bring his personal property with him because of the large number of inmates being transported that day. ECF 1 at 2. He states that before he left Westville, Ofc. McCeeta inventoried his property, but instead of listing his food items individually, he just listed "(2) mesh bags of food." *Id*. at 2-3. Mr. Scott-Manna also told Cpt. Lewis he was

concerned about his personal property because he had previously lost his property when he was transferred from another facility. *Id*. at 2.

On September 23, 2022, Mr. Scott-Manna received his personal property, except for the two mesh bags of food. *Id*. at 2-3. He talked with New Castle's staff about the missing food bags and was told all of his property had been received from Westville. *Id*. at 3. Mr. Scott-Manna wrote to Warden John Galipeau and Cpt. Lewis at Westville requesting a copy of the inventory slip that was completed before he left Westville. *Id*. However, he never received a response to his letter. *Id*. Mr. Scott-Manna states he later filed a tort claim to recoup the $325 cost for the food, but his claim was denied. *Id*.

In this case, Mr. Scott-Manna seeks compensation for his lost property. The Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. IVX. However, a state tort claims procedure that provides a method by which a person can seek reimbursement for the loss of property satisfies the requirements of due process. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post deprivation remedy."). Mr. Scott-Manna has a state post-deprivation remedy available, so cannot pursue a federal due process claim based on the lost property. *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("[Plaintiff] has an adequate post deprivation remedy in the Indiana Tort Claims Act, and no more process was due."); *see also Higgason v. Morton*, 171 F. App'x 509, 512 (7th Cir. 2006) (Indiana Tort Claims Act precluded Indiana inmate's due process claim arising from the

loss of property in his cell). To the extent he may be claiming that internal policies were not followed with respect to the handling of his personal property, a violation of administrative rules or other state law cannot form the basis for a federal constitutional claim. *Wozniak v. Adesida*, 932 F.3d 1008, 1011 (7th Cir. 2019) ("[A] constitutional suit is not a way to enforce state law through the back door."). Therefore, even though Mr. Scott-Manna may have a state tort claim or some other state law claim, he does not have a federal constitutional claim.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, such is the case here.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED.

September 13, 2023              *s/ Damon R. Leichty*
                                Judge, United States District Court